FILED'08 JUN 16 16:12USDC-ORP

FILED'08 SEP 12 15:55USDC-ORP



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | CR 03-430-01-KI |
| v. | ORDER REVOKING SUPERVISED RELEASE TERM, IMPOSING SENTENCE, AND REIMPOSING SUPERVISED RELEASE TERM |
| JEFFREY JOHN CHURCH, | |
| Defendant. | |

On November 15, 2004, this Court sentenced defendant to the custody of the Bureau of Prisons for a period of 15 months to be followed by a 3-year term of supervised release subject to standard and special conditions. The term of supervised release began January 27, 2006.

On October 24, 2007, this Court issued a Warrant of Arrest and Order to Show Cause why defendant's term of supervised release should not be revoked based on the probation officer's allegations that defendant violated the conditions of release.

On June 16, 2008, defendant appeared with counsel at a hearing to determine whether defendant's supervised release should not be revoked. Defendant admitted he had violated the conditions of supervised release by failing to report to the probation officer as directed, failing to report to the probation officer within 72 hours of a change in residence, and failing to participate in a sex offender treatment program.

*ORDER—CHURCH, Jeffrey John*                                                                 *Page 1*

It is the finding of the Court that defendant violated the conditions of supervised release.

It now appearing to the Court defendant is no longer suitable for continued community supervision,

**IT IS ORDERED** defendant's term of supervised release is revoked and defendant is committed to the custody of the Bureau of Prisons for a period of 8 months.

**IT IS FURTHER ORDERED** that upon release from imprisonment, defendant is subject to reimposition of supervised release, pursuant to 18 USC § 3583(h), and is ordered to a term of supervised release for 24 months, subject to the standard conditions and the following special condition(s): 1) The defendant shall participate in a sex offender assessment and treatment program, as directed by the probation officer. The defendant shall abide by all rules and requirements of such program. This assessment and treatment program may include the use of polygraph to assist in case planning and case monitoring; 2) The defendant shall not view, purchase, or possess any child pornography, as defined at 18 USC § 2256(8), involving a minor under age 18; 3) The defendant shall register, if required by law, with the state sex offender registration agency in any state where the defendant resides, is employed, carries on a vocation, or is a student and shall provide written notification of compliance with this condition as directed by the probation officer; 4) The defendant is prohibited from using or possessing any computer(s) (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) without the prior written approval of the U.S. Probation Officer. This includes, but is not limited to, computers at public libraries, Internet cafes, or the defendant's place of employment or education; 5) The defendant is prohibited from accessing any on-line computer service at any location (including employment or education) without the prior written approval of the U.S. Probation Officer; 6) The defendant shall submit to a search of his/her computer (including any handheld computing device, any electronic device capable of connecting to any on-line service, or any data storage media) conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable

suspicion of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn all individuals that have access to defendant's computer that it is subject to search and/or seizure; 7) The defendant shall participate in the U.S. Probation Office's Computer Monitoring Program. Participation in the Program may include installation of software or hardware on the defendant's computer that allows random or regular monitoring of the defendant's computer use; periodic inspection of defendant's computer (including retrieval, copying, and review of its electronic contents) to determine defendant's compliance with the Program; and restriction of the defendant's computer use to those computers, software programs, and electronic services approved by the U.S. Probation Officer; 8) The defendant shall provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which the defendant has access.

DATED this 16th day of June, 2008.

The Honorable Garr M. King
U.S. District Judge

DEFENDANT RECEIVED AT FCI
SHERIDAN AT SHERIDAN, OREGON
ON 8 12 08.

JE. Thomas
WARDEN
BY: [signature]

*ORDER—CHURCH, Jeffrey John*                                                                 *Page 3*